56 F.3d 65
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Cedric Edward BENNEM, Defendant-Appellant.
 No. 94-5693.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1995.
 
 Before: NELSON and SUHRHEINRICH, Circuit Judges, and SMITH, District Judge.[1]
 PER CURIAM.
 
 
 1
 This is an unusually sordid criminal case. The defendant, Cedric Edward Bennem, is a pimp who allegedly kidnapped a prostitute at gunpoint in January of 1991, beat her with a two-by-four, and forced her to engage in prostitution for him in another state. Two months later, according to evidence presented at trial, Bennem kidnapped a 17-year-old high school student, raped her in the presence of two men who then followed suit, beat her on the buttocks with a two-by-four and threatened to break her jaw if she cried, terrorized her in a variety of other ways, and made her work as one of his prostitutes in two different states.
 
 
 2
 A federal court jury found Mr. Bennem guilty on all counts of an indictment charging him with kidnapping (two counts), transporting a person across state lines for the purpose of prostitution (three counts), transporting a minor across a state line for the purpose of prostitution, using a firearm in connection with a crime of violence, and conspiring to commit these offenses. Bennem appeals his conviction, contending that the evidence against him on four of the eight counts was constitutionally insufficient; that the venue of the firearm charge was improper; that the trial court committed prejudicial error in refusing to receive in evidence photographs of Bennem and the first of his alleged victims in a benign pose; and that the court committed prejudicial error in admitting into evidence photographs depicting the bruised buttocks of the high school girl. Finding none of these contentions persuasive, we shall affirm the conviction.
 
 
 3
 * When the government rested its case, Mr. Bennem moved for a judgment of acquittal. The trial court denied the motion. Mr. Bennem went on to present a defense, but never renewed his motion for acquittal.
 
 
 4
 "Failure to renew a motion for judgment of acquittal at the close of all the evidence limits the reviewing court to examine for plain error or to determine whether a manifest miscarriage of justice has occurred." United States v. Rigsby, 943 F.2d 631, 644 (6th Cir. 1991), cert. denied, 112 S.Ct. 1269 (1992). No plain error or manifest miscarriage of justice is apparent on the face of the record here.
 
 
 5
 Both of the young women whom the defendant allegedly kidnapped took the stand. The defendant argues that their testimony was not credible in some respects, but credibility determinations are for the jury. If the jurors believed the evidence adduced by the government, as it was within their province to do, it is clear that all of the elements of the crimes with which Mr. Bennem was charged were established.
 
 
 6
 Even if the motion for a judgment of acquittal had been properly renewed, the challenge to the sufficiency of the evidence would still have had to be rejected if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Ellzey, 874 F.2d 324, 328 (6th Cir. 1989), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). Counsel for Mr. Bennem invites us, in effect, to look at the evidence in a light favorable to his client. This we cannot do. It was not irrational for the jury to believe the government's witnesses and to resolve the alleged discrepancies in the evidence against Mr. Bennem. That being so, the challenge to the sufficiency of the evidence necessarily fails.
 
 II
 
 7
 The government's first witness, the older of the two victims, testified that she had left her hotel in New Orleans to get something to eat when Bennem forced her into his car at gunpoint and took her against her will to his house in Memphis. On the strength of this testimony Bennem was found guilty of using a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. Sec. 924(c).
 
 
 8
 Bennem contends that it was improper to prosecute this charge in the Western District of Tennessee; "arguably" he says, the offense was completed before he and the victim left New Orleans. We are not persuaded.
 
 
 9
 The victim testified that she got into the car because Bennem had a gun, and she said that she did not make the trip to Memphis willingly. The logical inference is that Bennem had the gun throughout the trip. The record contains no indication that Bennem disposed of his gun before he crossed the state line into Tennessee.
 
 
 10
 The statute governing venue for offenses begun in one district and completed in another is 18 U.S.C. Sec. 3237. Subsection (a) provides that such an offense "may be inquired of and prosecuted in any district in which [it] was begun, continued, or completed." The statute continues as follows:
 
 
 11
 "Any offense involving ... transportation in interstate or foreign commerce ... is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce ... or person moves."
 
 
 12
 Under this statute venue was properly laid in the Western District of Tennessee.
 
 III
 
 13
 After the government rested its case Mr. Bennem's counsel advised the district court that one of Bennem's prostitutes, a Ms. Jackson, had come up with photographs of Bennem and the older victim. The photographs, allegedly taken in Memphis after the trip from New Orleans, were said to show "a happy situation," with Bennem and the victim in "an agreeable pose, so to speak." Counsel sought to put the photographs in evidence notwithstanding that they had not been disclosed to the government pursuant to a discovery request made under Rule 16(c), Fed. R. Crim. P. The government objected, pointing out that it had not had a chance to question the victim about the pictures. The court sustained the objection. The defendant contends on appeal that this ruling constituted an abuse of discretion.
 
 
 14
 The scope of the trial court's discretion in such matters has been broadly construed, and the court's ruling is to be sustained "unless manifestly erroneous." United States v. Bonds, 12 F.3d 540, 554 (6th Cir. 1993), quoting United States v. Green, 548 F.2d 1261, 1268 (6th Cir. 1977). We cannot say that the ruling in question here was manifestly erroneous.
 
 
 15
 The kidnapping victim had already been excused as a witness. "To let [the pictures] come in only through the testimony of Ms. Jackson," the court said, "would present a situation in which the jury would be forced in effect to accept her version of the circumstances under which they were taken and the lack of any other version, and we just can't do that." The court's ruling was not manifestly erroneous.
 
 IV
 
 16
 When the police returned the school girl to her mother, according to the girl's testimony, photographs of her bruised backside were taken by the mother. Defense counsel objected to the pictures being received in evidence, noting that the government had failed to produce them in response to the defendant's discovery request. The prosecutor said that he thought the defense had seen the photographs, but acknowledged that they had not been mentioned in the government's written response to the discovery request. The court ruled that the government could not use the pictures on direct examination, but explicitly left open the possibility that they might be used on redirect. No issue was raised as to the authenticity of the pictures, and they were marked for identification.
 
 
 17
 Ms. Jackson, called as a witness by defendant Bennem, subsequently testified on cross-examination that the defendant had not beaten the girl with a two-by-four at the home in Memphis. In view of this testimony the court indicated that it was inclined to admit the pictures. Defense counsel objected, pointing out that Ms. Jackson's denial of the beatings had come in response to questions put by the government itself. The pictures were nonetheless admitted.
 
 
 18
 Again, we cannot say that the trial court abused its discretion. The severity of any sanctions to be imposed for a violation of Rule 16 is left to the court's sound discretion, and the court was not required to exclude the photographs when they were first presented. See United States v. Muhammad, 948 F.2d 1449, 1454 (6th Cir. 1991), cert. denied, 112 S.Ct. 1239 (1992). It is true that Ms. Jackson's testimony on direct examination did not provide the occasion for the court's decision to admit the pictures in evidence, but the court was always free to change its original ruling. That is what the court did, in effect. The defense had been aware of the pictures for a day by this time, and there was no request for a recess or continuance. The government's failure to produce the pictures at the proper time appears to have been inadvertent, rather than deliberate. The trial court found that there was no improper prejudice to the defendant, and we cannot say that this assessment was incorrect.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 The Honorable George C. Smith, United States District Judge for the Southern District of Ohio, sitting by designation